IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DWAYNE E. FREEMAN,                )
                                  )
            Plaintiff,            )
                                  )
v.                                )
                                  )      Case No.  1:25CV471
SGT KIM, et al.,                  )
                                  )
            Defendants.           )

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint and Application to Proceed In Forma Pauperis filed by Plaintiff Dwayne Freeman.  For the reasons set out below, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolity and failure to state a claim upon which relief may be granted.

"The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)).  "Dispensing with filing fees, however, [is] not without its problems.  Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Fed. Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotations omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] As part of this review, the Court may

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's

anticipate affirmative defenses which are clear on the face of the complaint. <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. <u>See, e.g.</u>, <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); <u>Pierson v. Ray</u>, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

In this case, Plaintiff raises the same allegations against the same Defendants named in prior cases that Plaintiff brought in this District, Case Nos. 1:23CV294, 1:24CV204, and 1:25CV237. Each of those cases were dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. In the present Complaint, Plaintiff seeks the same relief and names the same Defendants, but contends that he is bringing suit under 28 U.S.C. § 2255. Section 2255 allows individuals convicted of federal crimes to challenge their federal sentence as improper, but Plaintiff does not allege that he is a federal prisoner seeking to challenge a federal conviction or sentence. Moreover, even if construed as a claim under 42 U.S.C. § 1983, this case should be dismissed for the same reasons as Plaintiff's prior cases, as further explained below.

---

requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying <u>Twombly</u> standard in dismissing *pro se* complaint).

In the Complaint, Plaintiff explains that in January 2016, he "was placed on probation in Scotland County" and sentenced to "36 months misdemeanor confinement for DWI with 120 days for DWLR to be done at the discretion of the probation officer." (Compl. [Doc. #2, at 4].) Plaintiff alleges that he went to court on May 1, 2018, for a "probation violation," where at that time, he "received the entire 36 months." (Compl. at 5.) Plaintiff alleges that Defendant Sargeant Kim "rushed through paperwork" and sent him to "N.C. Department of Corrections not misdemeanor confinement." (Compl. at 5.) Plaintiff contends that on May 14, 2018, he signed "release papers from the N.C. Department of Corrections," but Defendant Sargeant Laura did not release him. (Compl. at 5.) Instead, Plaintiff alleges that Defendant Laura held him in custody until Defendant Lieutenant Knight returned to work the following Monday. (Compl. at 5.) Plaintiff claims that Defendant Knight told him that his "paperwork was in order and when he got back he was going to release" Plaintiff. (Compl. at 5.) However, Plaintiff alleges that when Defendant Knight returned, Plaintiff was instead transported to Bladen County Jail on a DWI sentence of 36 months. (Compl. at 5.)

On review, these claims are the same as the claims discussed in 1:23CV294 and 1:25CV237. In those cases, Plaintiff alleged that in January 2016, he was sentenced in Scotland County to 36 months confinement for Driving While Impaired and 120 days for Driving While License Revoked, both suspended. The suspended sentences were then activated on May 1, 2018, based on a violation of release conditions. Plaintiff alleged that during the May 1, 2018, probation violation proceeding, the courtroom clerk in Scotland County "mistakenly put D.O.C. [Department of Corrections] on [his] commitment papers," and as a result Plaintiff was mistakenly sent to prison on May 3, 2018, rather than county jail. Plaintiff further alleged

4

that the mistake was discovered a few days later, and on May 14, 2018, he was picked up from prison with a direction to "release [him] if there was no other charges to hold [him]." Rather than being released, Plaintiff alleges that he was taken to another county jail and then held in custody for an additional 32 months on the three-year DWI sentence.

Like in the prior cases, Plaintiff brings claims against Sergeant Kim, Sergeant Laura, and Lieutenant Knight, all as jailers at the Scotland County Jail. In this case, however, Plaintiff seeks relief under 28 U.S.C. § 2255. Section 2255 affords "prisoners in custody under sentence of a court established by Act of Congress" the right to challenge their federal conviction or sentence. See 28 U.S.C. § 2255(a). Here, all of Plaintiff's allegations relate to state jail officials confining him in state or municipal institutions based on a state court judgment. There are no factual allegations in the Complaint indicating that Plaintiff is a federal prisoner seeking to challenge a federal sentence. Therefore, Plaintiff's claim for relief under 28 U.S.C. § 2255 is frivolous as it lacks an arguable basis either in law or in fact.

While Plaintiff cites § 2255 as his basis for relief, Plaintiff's allegations resemble that of a § 1983 action. To the extent Plaintiff purports to bring a § 1983 action against these Defendants, the Complaint should be dismissed for the same reasons Plaintiff's claims in 1:25CV237 were dismissed. Plaintiff has not alleged his allegations relate to an injury resulting from an official policy or custom implemented by Scotland County or the Scotland County Sheriff that would state a plausible claim for relief against these Defendants in their official capacities. Neither has Plaintiff set out factual allegations that would plausibly establish a violation of his constitutional rights by these Defendants in their individual capacities.

5

Plaintiff again appears to be contesting the validity of his DWI judgment and his confinement on that three-year sentence, and he seeks damages for being incarcerated for the 32 months that he served on that sentence. Plaintiff cannot bring a § 2255 or § 1983 claim against local jail officials for confining him on a state court judgment to try to collaterally attack or undermine that state court judgment. See 28 U.S.C. § 2255(a); Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). The question of where Plaintiff served his sentence, whether in prison or in a local jail, was a matter of state law, and would not be the basis for a federal constitutional claim.

Therefore, the Court recommends that the Complaint be dismissed without prejudice for frivolity and failure to state a claim upon which relief may be granted. Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolity and failure to state a claim upon which relief may be granted.

This, the 30th day of April, 2026.

_____
Joi Elizabeth Peake
United States Magistrate Judge

6